UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| CUBE INFRASTRUCTURE FUND SICAV, CUBE INFRASTRUCTURE MANAGERS S.A., CUBE ENERGY S.C.A (NOW CUBE ENERGY S.À.R.L.), DEMETER PARTNERS S.A., AND DEMETER 2 FPCI.<br><br>       Plaintiffs,<br><br>  v.<br><br>THE KINGDOM OF SPAIN<br><br>       Defendant. | Civil Action No. 1:20-cv-01708-EGS |

**STATUS REPORT OF OCTOBER 14, 2020**

Plaintiffs Cube Infrastructure Fund SICAV, Cube Infrastructure Managers S.A., Cube Energy S.C.A. (now Cube Energy S.à.r.l.), Demeter Partners S.A., and Demeter 2 FPCI (collectively "**Plaintiffs**"), make this submission pursuant to the Court's Order of October 8, 2020, instructing Claimants to "inform[] the Court of the status of its efforts to effect service upon the Defendant."

1. Service was accomplished on the Kingdom of Spain ("**Spain**") on August 28, 2020 via international courier and in accordance with Article 10 of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "**Hague Service Convention**"), 20 U.S.T. 361, when Spain accepted the English and Spanish copies of the summons, complaint and accompanying papers that Plaintiffs served on Spain via United Parcel Service ("**UPS**").

2. Because the Defendant in this case –Spain– is a foreign state within the meaning of

the Foreign Sovereign Immunities Act, service of process in this case is governed by 28 U.S.C. § 1608(a). Because there is no "special arrangement" between the parties for service of process, Plaintiffs served Spain in accordance with Section 1608(a)(2), which provides that service shall be made upon a foreign state "if no special arrangement exists, by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents." Both Spain and the United States are parties to the Hague Service Convention.

3. Accordingly, Plaintiffs have sought to effectuate service of process utilizing two methods that are consistent with the Hague Service Convention. First, Plaintiffs effectuated service of process by mail consistent with Article 10 of the Hague Service Convention, which provides that "the present Convention shall not interfere with (a) the freedom to send judicial documents, by postal channels, directly to persons abroad." Because Spain ratified the Hague Service Convention without any reservation declaring its opposition to service of persons in its territory directly by mail, service by mail is permitted under Article 10 of the Hague Service Convention.[1]

4. On July 27, 2020, Plaintiffs sent Spain the summons, complaint and accompanying documents (in English and Spanish) via UPS to the Abogacia General del Estado Dirección del Servicio Juridico del Estado, Calle Ayala no. 5, 28001 Madrid, Spain. On August 25, 2020, UPS notified the Plaintiffs that it was having difficulties completing the delivery in Spain and requested

---

[1] While Spain has submitted declarations regarding the interpretation of other provisions of the Hague Service Convention, notably absent is any reservation or declaration regarding Article 10. *See* Hague Service Conference on Private International Law, "Declaration/Reservation/Notification: Spain," https://www.hcch.net/en/instruments/conventions/statustable/notifications/?csid=421&disp=resdn (last visited October 13, 2020).

that the address be corrected. Plaintiffs re-sent another identical package via UPS to Abogacia General del Estado Dirección del Servicio Juridico del Estado, Calle Ayala no. 5, 28001 Madrid, Spain (the same address). That package was successfully delivered to Spain on August 28, 2020. A true and correct copy of the UPS delivery confirmation is attached hereto as **Exhibit A**. Service of process on Spain was therefore complete on August 28, 2020, as service by private mail courier satisfies the requirements of the Hague Service Convention. *See Micula v. Gov't of Romania,* No. 17-CV-02332 (APM), 2018 WL 10196624, at *5 (D.D.C. May 22, 2018) (finding service via private mail courier to be proper under Article 10(a) of the Hague Service Convention).

5. On July 13, 2020, Plaintiffs sent English and Spanish copies of the summons, complaint and accompanying papers to the Abogacia General del Estado Dirección del Servicio Juridico del Estado, Calle Ayala no. 5, 28001 Madrid, Spain by United States Postal Service ("**USPS**") Priority Mail International Parcels mail (return receipt requested). On October 6, 2020, the package was returned to Plaintiffs' counsel with a stamp stating "Return" and "Not Claimed." In response to Plaintiffs' subsequent inquiries, a USPS representative informed us on October 13, 2020 that the mailing was returned because the Spanish postal service was not, and still is not, accepting packages from USPS as a result of the COVID-19 pandemic.

6. Second, Plaintiffs also initiated service of process pursuant to Article 2 of the Hague Service Convention, which provides for service through the Central Authorities of the requesting and receiving countries. 20 U.S.T. 361, Art. 2 ("Each Contracting State shall designate a Central Authority which will undertake to receive requests for service coming from other Contracting States and to proceed in conformity with the provisions of Articles 3 to 6."). The United States Department of Justice serves as the Central Authority for the United States, but outsources its service of process functions under the Hague Service Convention to a private

contractor by the name of ABC Legal, which does business as Process Forwarding International.[2] On July 27, 2020, Plaintiffs transmitted two copy sets of the original English and Spanish translations of the summons, complaint and accompanying documents to ABC Legal to initiate service of process in accordance with Article 2 of the Hague Service Convention. On August 21, 2020, Plaintiffs were informed that ABC Legal had initiated the request for service. Plaintiffs believe that their request for service is still pending, as ABC Legal has not yet received a certificate of service from the Spanish Central Authority.

7. Because Spain accepted the package sent by UPS on August 28, 2020 service is complete and, pursuant to 28 U.S.C. § 1608(d), Spain's deadline to file its answer or other responsive pleading is October 27, 2020.

Dated: New York, New York
October 14, 2020

Respectfully submitted,

/s/ James E. Berger
James E. Berger (D.C. Bar 481408)
Charlene C. Sun (D.C. Bar 1027854)

**KING & SPALDING LLP**
1185 Avenue of the Americas
New York, NY 10036-4003
Tel: (212) 556-2200
Fax: (212) 556-2222
jberger@kslaw.com
csun@kslaw.com
*Attorneys for Plaintiffs*

---

[2] See United States of America – Central Authority & Practical Information, available at: https://www.hcch.net/en/states/authorities/details3/?aid=279 (last visited October 13, 2020).