**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CUBE INFRASTRUCTURE FUND SICAV et al., | ) |
| | ) |
| *Plaintiffs*, | ) |
| | ) |
| v. | ) Civil Action No. 1:20-cv-01708-EGS |
| | ) |
| KINGDOM OF SPAIN, | ) |
| | ) |
| *Defendant*. | ) |
| | ) |

**MOTION FOR LEAVE TO FILE A BRIEF ON BEHALF OF
THE EUROPEAN COMMISSION ON BEHALF OF THE EUROPEAN UNION
AS *AMICUS CURIAE* IN SUPPORT OF THE KINGDOM OF SPAIN**

Pursuant to LCvR 7(o), the European Commission ("the Commission") respectfully

requests leave to file a brief on behalf of the European Union as *amicus curiae* in support of the

Kingdom of Spain in the above-captioned case.  In support of its motion, the Commission states

as follows:

1.      The European Commission ("Commission") is an institution of the European

Union (the "EU"), a treaty-based international organization composed of 27 Member States.[1]

The Commission is an independent institution and acts in the interests of the Union as a whole,

not of individual Member States.  Known as the "Guardian of the Treaties," the Commission is

responsible, inter alia, for ensuring the proper application of the EU treaties—including the

Treaty on European Union ("TEU") and the Treaty on the Functioning of the European Union

("TFEU")—and of measures EU institutions adopt under those treaties.  The Commission

represents the EU in proceedings before the Court of Justice of the EU ("Court of Justice"),

---

[1] These Member States are Austria, Belgium, Bulgaria, Croatia, Cyprus, the Czech Republic, Denmark, Estonia, Finland, France, Germany, Greece, Hungary, Ireland, Italy, Latvia, Lithuania, Luxembourg, Malta, the Netherlands, Poland, Portugal, Romania, Slovakia, Slovenia, Spain, and Sweden.

national and international courts (including the WTO dispute settlement bodies) and arbitration tribunals, and has special expertise in matters of EU law and public international law.

2.      The Commission is also responsible for representing the EU in third countries, including in judicial proceedings.  In that capacity, the Commission seeks leave to submit an amicus brief on behalf of the EU.  TFEU art. 17(1).  The Council of the EU—an institution composed of government ministers from each EU Member State—when expressing its unanimous agreement with the Commission's intention to file an amicus brief, has endorsed the Commission's views as the official position of the EU on the matters addressed in this submission.

3.      The EU has a substantial interest in this case.  Plaintiffs are entities formed under the laws of Luxembourg and France and are hence EU companies.  Plaintiffs seek to enforce an arbitration award they obtained against Spain, an EU Member State, on the basis of the Energy Charter Treaty ("ECT"), a multilateral treaty negotiated and signed in the 1990s to govern the EU's external energy policy.  The award at issue is premised on a fundamental misinterpretation of the ECT and a disregard for EU law, which should have governed the dispute.

4.      The EU has a critical interest in ensuring that this Court proceeds based on a correct understanding of the principles of EU law that are at stake.  Accordingly, the Commission submits this amicus brief to explain the official position of the EU that the Energy Charter Treaty does not have intra-EU application.

5.      The EU's position in this regard is based on the customary international rules of treaty interpretation, which compel the conclusion that the Energy Charter Treaty (including Article 26, its dispute-settlement provision) does not apply intra-EU.  Alternatively, even if it were possible to interpret Article 26 as encompassing intra-EU disputes, such an interpretation

would conflict with the EU Treaties, and that conflict must be resolved in favor of EU law.  The
inapplicability of Article 26 means that Spain has made no valid offer for arbitration to investors
from other EU Member States, and no valid arbitration agreement exists between Plaintiffs and
Spain.

6.      At a minimum, principles of international comity favor dismissal.  This dispute
has no connection with the United States, and the United States therefore has no interest in the
adjudication of the controversy in its courts.  By contrast, the EU has an overwhelming interest
in the dispute and the fundamental structural questions of EU law that it raises.

7.      The EU's position is not adequately presented by any party.  As the institution
responsible for ensuring the proper application, interpretation, and administration of EU law, the
Commission is uniquely situated to set forth the position of the EU on the important questions of
EU law raised in this case, and to describe the consequences of the Court's disposition of this
matter for the EU legal order.

8.      In addition, the Commission has a strong interest in ensuring that the Court's
disposition of this case is based on a correct interpretation of EU law.  Here, too, as the EU
institution that appears regularly before the Court of Justice and national courts (as well as in
non-EU fora) in cases involving matters of EU law, the Commission has special expertise on the
legal issues that this case implicates.  Accordingly, a brief by the Commission would
significantly aid the Court in its disposition of this case.

9.      The Commission has previously filed amicus briefs before this Court and other
federal courts in cases implicating vital interests of the European Union.  *See, e.g.*, Br. for the
European Commission, *United States v. Microsoft*, No. 17-2 (U.S.) (data privacy); Br. for

European Commission on behalf of the European Union, *Kiobel v. Royal Dutch Petroleum Co.*, 569 U.S. 108 (2013); *Intel v. Advanced Micro Devices*, 542 U.S. 241 (2004) (antitrust).

10.     Other judges of this Court have granted the Commission's motions for leave to file amicus briefs in cases that present similar issues.  *E.g.*, Minute Order, *Eiser Infrastructure Limited v. Kingdom of Spain*, Case No. 1:18-cv-1686 (D.D.C. March 18, 2019) (Kollar-Kotelly, J.); Minute Order, *Masdar Solar & Wind Cooperatief U.A. v. Kingdom of Spain*, Case No. 1:18-cv-2254 (D.D.C. May 13, 2019) (Boasberg, J.); Minute Order, *Novenergia II – Energy & Environment (SCA) v. Kingdom of Spain*, Case No. 1:18-cv-1148 (D.D.C. Sept. 23, 2019) (Chutkan, J.); Minute Order, *RREEF Infrastructure (G.P.) Limited v. Kingdom of Spain*, Case No. 1:19-cv-3783 (D.D.C. Dec. 29, 2020) (Nichols, J.); Minute Order, *CEF Energia B.V. v. Italian Republic*, 1:19-cv-3443 (D.D.C. Jan. 24, 2020) (Jackson, J.).

11.     In light of the magnitude of the EU's interests in this case, and the insight and perspective the Commission can offer the Court, granting the Commission leave to file its *amicus* brief would not unduly delay the Court's ability to rule on any pending matter.

12.     On December 23, 2020, counsel for the Commission contacted counsel for Plaintiffs and for the Kingdom of Spain regarding this motion.  Spain consents to the motion.  As of the date of this filing, counsel for Plaintiffs has not received a response from Plaintiffs as to their position on the Commission's motion.

13.     The proposed amicus brief that the Commission requests the Court consider is attached as Exhibit 1.  Exhibits to the brief are attached as Exhibits 2 through 8.

14.     By submitting this motion, the Commission specifically reserves all of its rights and does not waive any of its defenses or its sovereign immunity.

For the foregoing reasons, the Commission respectfully requests that its motion for leave to file the proposed *amicus curiae* brief be granted.  A proposed order is attached as Exhibit 9.

Dated: January 4, 2021                                    Respectfully submitted,

                                                                    */s/ R. Stanton Jones*
                                                                    R. Stanton Jones (D.C. Bar No. 987088)
                                                                    Sally L. Pei (D.C. Bar No. 1030194)
                                                                    ARNOLD & PORTER
                                                                      KAYE SCHOLER LLP
                                                                    601 Massachusetts Ave., NW
                                                                    Washington, DC  20001-3743
                                                                    T: (202) 942-5000
                                                                    F: (202) 942-5999
                                                                    stanton.jones@arnoldporter.com
                                                                    sally.pei@arnoldporter.com


                            *Counsel for Proposed Amicus Curiae*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 4, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

*/s/ R. Stanton Jones*
R. Stanton Jones