**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CUBE INFRASTRUCTURE FUND SICAV, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> KINGDOM OF SPAIN, <br><br> *Defendant*. | Civil Action No. 20-1708 (LLA) |

**MEMORANDUM OPINION**

Plaintiffs Cube Infrastructure Fund SICAV, Cube Infrastructure Managers S.A., Cube Energy S.À.R.L., Demeter Investment Managers S.A. and Demeter 2 FPCI, which are companies based in France and Luxembourg, bring this action to confirm an arbitration award entered in their favor against Defendant, the Kingdom of Spain ("Spain"). The court (Sullivan, J.) referred this case to Magistrate Judge Moxila A. Upadhyaya for full case management pursuant to Local Civil Rule 72.3, including the preparation of a report and recommendation on Spain's motion to dismiss, ECF No. 43, Plaintiffs' motion for judgment on the pleadings, ECF No. 54, and Plaintiffs' alternative request for summary judgment, ECF No. 54. *See* Sep. 22, 2022 Minute Order. Upon consideration of the record, Magistrate Judge Upadhyaya's Report and Recommendation ("R&R"), ECF No. 63, Spain's objections, ECF No. 65, and the parties' supplemental briefs, ECF Nos. 89, 90, 95, 96, and notices of supplemental authority and responses, ECF Nos. 94, 97, 98, 99, the court will adopt the R&R in full; deny Spain's motion to dismiss, ECF No. 43; deny Plaintiffs' motion for judgment on the pleadings, ECF No. 54; and grant Plaintiffs' alternative motion for summary judgment, ECF No. 54.

## I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A.     The Energy Charter Treaty and the ICSID Convention

The Energy Charter Treaty ("ECT") is a multinational treaty that "establishes a legal framework in order to promote long-term cooperation in the energy field, based on complementarities and mutual benefits." ECT Art. 2.  Spain, Luxembourg, and France are all among the ECT's signatories.[1]  As relevant here, the ECT provides that when disputes between signatories related to an energy investment arise, "each Contracting Party . . . gives its unconditional consent to the submission of a dispute to international arbitration."  ECT Art. 26(3)(a).  And where "the Contracting Party of the Investor and the Contracting Party . . . to the dispute are both parties to the ICSID Convention," arbitration must occur under that framework.  *Id.* Art. 26(4)(a)(i).

The Convention on the Settlement of Investment Disputes Between States and Nationals of Other States ("ICSID Convention"), in turn, provides facilities and processes for "conciliation and arbitration of investment disputes between Contracting States and nationals of other Contracting States," ICSID Convention Art. 1, including through adjudication by arbitration tribunals, *id.* Sec. 2.  When arbitration is appropriate, signatories to the ICSID Convention consent to "arbitration to the exclusion of any other remedy," *id.* Art. 26, and agree that "award[s] shall be binding on the parties and shall not be subject to any appeal or to any other remedy except those provided for in th[e] Convention," *id.* Art. 53(1).  Parties to the Convention "may enforce . . . [ICSID arbitration] award[s] in or through [their] federal courts and may provide that

---

[1] *See* International Energy Charter, *Contracting Parties and Signatories of the Energy Charter Treaty*, https://perma.cc/K6D3-WEQN.

such courts shall treat the award as if it were a final judgment of the courts of a constituent state." *Id.* Art. 54(1).

The United States, Spain, Luxembourg, and France are all parties to the Convention. ECF No. 63, at 2. In the United States, the obligation to enforce ICSID awards is codified at 22 U.S.C. § 1650a, which provides that "pecuniary obligations imposed by [an ICSID] award shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States."

### B.     The Present Dispute

After Spain enacted legislation that aimed to attract investments in renewable energy production through various financial incentives, Plaintiffs invested in three green energy facilities in Spain and additionally acquired the rights to sixteen Spanish hydro-power facilities. ECF No. 1 ¶¶ 15-18. Spain later walked back the legislation, eliminating the financial incentives that had led Plaintiffs to invest in the Spanish green energy projects. ECF No. 63, at 6. Because these investments were protected under the ECT, Plaintiffs requested arbitration by an ICSID tribunal, contending that "Spain's decision to lower subsidies for renewables . . . violated several provisions of the ECT" and "caused Plaintiffs financial harm." *Id.* Spain made several arguments that the tribunal lacked jurisdiction, "including that the ECT does not apply to intra-[European Union ("EU")] disputes and that the Tribunal should apply the law of the European Union instead of international law." *Id.* at 7.

In July 2019, the ICSID tribunal issued an award in Plaintiffs' favor, determining that Spain had breached its duty to Plaintiffs under Article 10 of the ECT, and ordering Spain to pay 33.7 million euros in damages plus interest and costs. ECF No. 1-1 ¶¶ 6,48. In November 2019, Spain

applied for annulment of the award, and in March 2022, an ICSID committee denied the application. *See* ECF No. 33-1.

While the ICSID annulment proceedings were ongoing, Plaintiffs sought confirmation of the arbitration award in this court. In June 2020, Plaintiffs filed a petition to confirm the award. ECF No. 1. Spain moved to dismiss the petition for lack of jurisdiction and failure to state a claim, and it additionally moved for a stay pending the outcome of annulment proceedings. ECF No. 11. In response, Plaintiffs filed a cross-motion for judgment on the pleadings, or in the alternative, for summary judgment. ECF No. 17. The court denied Spain's motion to dismiss without prejudice and granted its motion to stay the case. ECF No. 24. In April 2022, the court lifted the stay, *see* Apr. 13, 2022 Minute Order, and the next month, the court deemed Plaintiffs' cross-motion withdrawn and ordered the parties to re-brief their motions, *see* May 2, 2022 Minute Order. The same month, Spain filed an updated motion to dismiss. ECF No. 43. Plaintiffs opposed and filed a cross-motion for judgment on the pleadings or, in the alternative, for summary judgment. ECF Nos. 53, 54.

After briefing on the motions was complete, ECF Nos. 56, 57, 59, the court referred the case to Magistrate Judge Upadhyaya. *See* Sep. 22, 2022 Minute Order. In March 2023, she issued an R&R recommending that the court deny Spain's motion to dismiss, deny Plaintiffs' motion for judgment on the pleadings, and grant Plaintiffs' alternative motion for summary judgment. ECF No. 63, at 27. Spain filed objections to Magistrate Judge Upadhyaya's R&R, ECF No. 63, which were fully briefed, ECF Nos. 65, 73, 74.

The case was directly reassigned to the undersigned in December 2023, *see* Dec. 22, 2023 Docket Entry, and in February 2024, the court stayed the case pending the D.C. Circuit's decision in three related cases that would become *NextEra Energy Glob. Holdings B.V. v. Kingdom of*

4

*Spain*, 112 F.4th 1088 (D.C. Cir. 2024), *petition for cert. filed*, *Kingdom of Spain v. Blasket Renewable Invs. LLC*, No. 24-1130.  *See* Feb. 6, 2024 Minute Order.  After the D.C. Circuit issued its decision in *NextEra*, Spain asked the court to continue to stay the case while it sought certiorari, ECF No. 81, but the court denied the request, ECF No. 88.[2]  Accordingly, in January 2025, the court lifted the stay, vacated further referral to Magistrate Judge Upadhyaya, and ordered the parties to submit supplemental briefing on the effect of the *NextEra* ruling on the present litigation.  Jan. 27, 2025 Minute Order; ECF No. 88.  The parties submitted their supplemental briefing, ECF Nos. 89, 90, 95, 96, and several notices of supplemental authority and responses, ECF Nos. 94, 97, 98, 99.  The court also accepted an amicus brief from the European Commission.  ECF No. 93.

## II.   LEGAL STANDARDS

A district court "may accept, reject, or modify the recommended disposition" of a magistrate judge.  Fed. R. Civ. P. 72(b)(3).  If "part of the magistrate judge's disposition . . . has been properly objected to," the court will review it de novo.  *Id.*  An objection is proper when it "specifically identif[ies] the portions of the proposed findings and recommendations to which objection is made and the basis for the objection."  Local Civ. R. 72.3(b).  But "when a party makes conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error."  *M.O. v. District of Columbia*, 20 F. Supp. 3d 31, 37 (D.D.C. 2013) (quoting *Alaimo v. Bd. of Educ. of the Tri-Valley Cent. Sch. Dist.*, 650 F. Supp. 2d 289, 291 (S.D.N.Y. 2009)).  "Under the clearly erroneous standard, the magistrate judge's decision is entitled to great deference and is clearly erroneous only if on the entire evidence the court is left with the definite and firm conviction that a mistake has been committed."

---

[2] Spain filed the petition for certiorari in May 2025.  *See Kingdom of Spain v. Blasket Renewable Invs. LLC*, No. 24-1130 (U.S. May 1, 2025).

*Borushevskyi v. U.S. Citizenship & Immigr. Servs.*, 664 F. Supp. 3d 117, 125 (D.D.C. 2023) (internal quotation marks omitted) (quoting *Buie v. District of Columbia*, No. 16-CV-1920, 2019 WL 4345712, at *3 (D.D.C. Sep. 12, 2019)).

### III.    DISCUSSION

Spain timely filed its objections to the R&R, ECF No. 65, but it does not identify any specific legal errors.  Instead, it "simply reiterates [its] original arguments."  *M.O.*, 20 F. Supp. 3d at 37; *see* ECF No. 65, at 1-2.  For that reason, the court will review the R&R for clear error.  *M.O.*, 20 F. Supp. 3d at 37.[3]  The court discerns no error, let alone clear error, with the R&R.

Spain first objects that the court lacks jurisdiction under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1604, because none of its exceptions, including the arbitration exception, applies.  ECF No. 65, at 1.  It argues that Magistrate Judge Upadhyaya "misapprehends the applicable legal framework, the role of the EU Court of Justice, and the nature of the EU Member States' treaty obligations."  *Id*.  The court disagrees.  Magistrate Judge Upadhyaya's determination that the FSIA's arbitration exception applies, ECF No. 63, at 22, was later confirmed by the D.C. Circuit's opinion in *NextEra*, 112 F.4th at 1105.  Indeed, in its supplemental briefing, Spain concedes that the jurisdictional question has been resolved.  *See* ECF No. 89, at 1.

Second, in both its objections and in its supplemental briefing, Spain repeats its argument that the award is not entitled to full faith and credit because the ICSID lacked jurisdiction to enter it.  ECF No. 65, at 1; ECF No. 89, at 10-18.  But, as Magistrate Judge Upadhyaya correctly explained, "a court is 'not permitted to examine an ICSID award's merits, its compliance with

---

[3] Even if the court had reviewed the R&R *de novo*, it would have reached the same conclusions as Magistrate Judge Upadhyaya.  *See Infrastructure Servs. Luxembourg S.A.R.L. v. Kingdom of Spain*, No. 18-CV-1753, 2025 WL 2320406, at *3-6 (D.D.C. Aug. 12, 2025).

6

international law, or the ICSID tribunal's jurisdiction to render the award.'" ECF No. 63, at 22 (quoting *Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela*, 863 F.3d 96, 102 (2d Cir. 2017)). Rather, "all a court need do is 'ensure that it has subject-matter and personal jurisdiction; that the award is authentic; and that its enforcement order tracks the award.'" *Id*. (quoting *Tethyan Copper Co. Pty Ltd. v. Islamic Republic of Pakistan*, 590 F. Supp. 3d 262, 268 (D.D.C. 2022)). The court is satisfied that Magistrate Judge Upadhyaya properly considered the evidence before her when she determined that each of these elements was met and that the award was therefore entitled to full faith and credit. *See id.* at 22-23.

Third, in its objections and its supplemental briefing, Spain recycles its argument that enforcement of the award would violate the foreign sovereign compulsion doctrine. ECF No. 65, at 1-2; ECF No. 89, at 19-20. Spain argues that Magistrate Judge Upadhyaya rejected this defense based only on her assessment that "Spain 'willfully' subjected itself to arbitration." ECF No. 65, at 1-2 (quoting ECF No. 63, at 24). Spain argues that this conclusion evinces a mistake of both fact and law, as it believes that it "did not consent to arbitration, and it objected throughout to the award of State aid." *Id.* at 2. Spain misunderstands Magistrate Judge Upadhyaya's determination, which was based not just on Spain's status as a willing signatory to the ICSID, but also on Spain's failure to point to cases in which the foreign sovereign compulsion doctrine had been applied to governments or outside the context of antitrust, and on the fact that Spain's reading of the doctrine "would run afoul of the ICSID Convention and upend th[e] Court's obligation to recognize the Award under the relevant statutory and treaty obligations." ECF No. 63, at 24. The court finds no error in the R&R's analysis. Spain cannot now argue that it is being unfairly compelled to follow the strictures of a treaty that it signed, which explicitly provides that final awards are

binding and unappealable. ICSID Convention Art. 53(1). *See Infrastructure Servs. Luxembourg S.A.R.L. v. Kingdom of Spain*, No. 18-CV-1753, 2025 WL 2320406, at *6 (D.D.C. Aug. 12, 2025).

Fourth, Spain objects that the complaint should be dismissed pursuant to the doctrine of *forum non conveniens*. ECF No. 65, at 2. Spain does not sustain this argument in its supplemental briefing, *see* ECF Nos. 89, 95, and for good reason: in its *NextEra* opinion, the D.C. Circuit "reject[ed]" this argument, affirming—as Magistrate Judge Upadhyaya did—that "binding circuit precedent dictates that '*forum non conveniens* is not available in proceedings to confirm a foreign arbitral award because only U.S. courts can attach foreign commercial assets found within the United States.'" *NextEra*, 112 F.4th at 1105 (quoting *LLC SPC Stileks v. Republic of Moldova*, 985 F.3d 871, 876 n.1 (D.C. Cir. 2021)); ECF No. 63, at 25. Accordingly, Magistrate Judge Upadhyaya plainly did not err on this point.

Finally, Spain objects to the Magistrate Judge Upadhyaya's recommendation to grant summary judgment to Plaintiffs, pointing out that Magistrate Judge Upadhyaya did not consider *Blasket Renewable Invs. LLC v. Kingdom of Spain*, No. 21-CV-3249, 2023 WL 2682013 (D.D.C. Mar. 29, 2023), which was issued just two days before she issued her R&R and found that the FSIA's arbitration exception did not apply. ECF No. 65, at 2. But the D.C. Circuit has since reversed *Blasket* in *NextEra*, 112 F.4th at 1094. Spain's objection is therefore no longer pertinent, and Magistrate Judge Upadhyaya did not err in recommending that the court grant summary judgment to Petitioners.

## IV.   CONCLUSION

For the foregoing reasons, the court will issue a contemporaneous order adopting Magistrate Judge Upadhyaya's R&R, ECF No. 63, in full; denying Spain's motion to dismiss, ECF

8

No. 43; denying Plaintiffs' motion for judgment on the pleadings, ECF No. 54; and granting Plaintiffs' alternative request for summary judgment, ECF No. 54.

_____

LOREN L. ALIKHAN
United States District Judge

Date:   August 14, 2025